### COHLE et v HANDLEY

Ohio Appeals, 1st Dist, Hamilton Co

No 4167. Decided Dec 19, 1932

Wm. R. Collins, Cincinnati, for plaintiff in error.

William E. Handley, Cincinnati, for defendant in error.

HAMILTON, J.

If Handley gave the order to sell and close the account and the plaintiffs were bound under the law to execute that order, their failure to so do would prevent their recovery in this action. On that proposition the jury could believe Handley if it saw fit. The only denial of the giving of the order to sell is by Cohle and Tyree, and it therefore became a question of the credibility of the witnesses, and it is further the province of the jury to make the deductions from the conduct of the parties. The court cannot speculate as to why the stock was not sold and the account closed while there was still a margin. This was a jury question and we can not disturb the verdict on the question of the evidence.

It is suggested in the brief that since there was no written order given by Handley, that the plaintiffs might have sold the property at a profit to themselves and leave a balance due to Handley, and this would indicate there was no such order. It is a matter of common knowledge that stock brokers when the margin reaches an unsafe point, do close out the account and always reserve this right to themselves.

The charge of the court complained of is that the court charged the jury that if they found from the evidence that the order to sell was given to the plaintiffs or the plaintiffs' agent, and that the plaintiffs or

their agent agreed to sell at the time the order was given, then their verdict should be for the defendant.

It is claimed that this was error, for the reason there was no obligation on the part of the plaintiffs to sell; that as pledgees they had an interest in the stock and were not obliged to sell, and are not liable for depreciation in the value of the property after failure to sell. Cases are cited in support of this proposition, and while they seem to hold in line with the argument of counsel for plaintiffs, plaintiffs in error here, we find on examining these cases, the courts hold that the exercise of ordinary care in respect to the thing pledged is a duty which the law imposes on the pledgee, and for a breach of that duty he is liable.

If the pledgees have breached their duty with reference to the stock in their refusal to sell, they would not be entitled to recover the value of the stock at the time of the purchase, when they refused to sell and held the stock until it became valueless. The pledgees would not be entitled to take advantage of their own breach of duty.

Without conceding this to be the law, we are of opinion that if it were necessary to show a breach of duty to defeat the claim, that breach is clearly shown in this case. If the order to sell was given, not once, but twice, and was acceded to by the plaintiffs, and the plaintiffs failed to protect themselves and the pledgor by selling the stock when all could have reaped a profit, and continued to hold the same until it became valueless, the court might have charged the jury that this was a breach of duty. Therefore, the plaintiffs were not harmed by the charge, as given.

We find no prejudicial error in the record, and the judgment of the Court of Common Pleas is affirmed.

ROSS, PJ, and CUSHING, J, concur.